Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
*September 22, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO. 4:26-cr-621** |
| **v.** | § | |
| | § | |
| **TAMMI HUNNICUTT, and** | § | |
| **TAYLOR DICKSON** | § | |
| **Defendants** | § | **UNDER SEAL** |

# INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Defendants and Relevant Entities

1. Rocket Mortgage was a mortgage lending business.

2. Plaza Home Mortgage was a mortgage lending business.

3. Paramount Residential Mortgage Group was private retail and wholesale mortgage lender.

4. Tammi Hunnicutt was a resident of Houston, Texas.

5. Tammi Hunnicutt was the Director of Corporate Medical Center LLC, which was located in League City, Texas.

6. Tammi Hunnicutt was the Director of Oakville Services, Inc., which was located in Houston, Texas.

7. Taylor Dickson was a resident of Cypress, Texas.

### Overview of the Conspiracy and the Scheme to Defraud

8. Beginning in or around October 2019, and continuing until at least in or around September 2023, within the Southern District of Texas, and elsewhere, the defendant conspired

with others, known and unknown to the Grand Jury, and with intent to defraud, devised, participated in, executed, and attempted to execute a scheme and artifice to defraud Rocket Mortgage, Plaza Home Mortgage, and others, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

9. As part of the conspiracy and scheme, the defendants and their co-conspirators submitted, and caused to be submitted, false and fraudulent mortgage loan applications for others to various lenders and companies. Some of these fraudulent mortgage loan applications were approved and the mortgage loans were subsequently funded.

**Purpose of the Conspiracy and Scheme to Defraud**

10. It was the purpose of the conspiracy and scheme to defraud for the defendants and their co-conspirators to allow borrowers to qualify for mortgage loans under false and misleading pretenses that the borrowers would not normally qualify for and to conceal the conspiracy and scheme from law enforcement.

**Manner and Means of the Conspiracy and Scheme**

11. Beginning in or around October 2019, and continuing until at least in or around September 2023, the defendants and their co-conspirators submitted and caused the submission of mortgage applications that contained false information. HUNNICUTT and DICKSON created false documents that were used to support numerous borrowers' mortgage applications. In support of the mortgage applications, HUNNICUTT and DICKSON and others submitted, and caused to be submitted, false and fraudulent documentations purporting to substantiate the employment and income for the borrowers. The supporting documentation included false and fraudulent financial documents such as employee paycheck stubs, Forms W-2s, and bank account statements.

12. HUNNICUTT would create businesses to portray false incomes so borrowers could

qualify for mortgages.

13. On or about January 8, 2022, DICKSON transmitted to HUNNICUTT fraudulent payroll statements for J.B.

14. HUNNICUTT and DICKSON created false payroll documents for businesses that did exist but did not employ the borrower.

15. On or about June 11, 2021, HUNNICUTT transmitted to V.S. fraudulent payroll statements.

16. HUNNICUTT used businesses that she controlled to create fake payroll stubs, and fake Form W-2s.

17. HUNNICUTT used businesses that she controlled for false verification of employment to qualify borrowers. Such businesses included but were not limited to Corporate Medical Center LLC and Oakville Services, Inc.

18. HUNNICUTT and DICKSON would create fake bank statements to misrepresent borrowers' assets for their mortgage applications.

19. On or about May 19, 2021, HUNNICUTT transmitted to DICKSON fraudulent bank accounts statements for J.B.

20. HUNNICUTT and DICKSON would communicate electronically about creating false documents.

21. On or about January 4, 2021, HUNNICUTT sent an email to DICKSON saying "change her to this company" with attachments that contained V.S.'s pay stubs and Form W-2s.

22. On or about May 20, 2021, DICKSON sent to HUNNICUTT an email stating, "PLEASE DOUBLE CHECK ADND CHANGE FONT ON THE STATMENTS!!!", with attachments that contain financial documents.

23. On or about January 6, 2022, HUNNICUTT sent an email to DICKSON stating "add up and line up Please" with an attached bank statement.

24. On or about May 18, 2021, DICKSON sent an email to HUNNICUTT stating, "DOUBLE CHECK PLEASE" with attachments for payroll stubs.

25. On or about May 6, 2021, DICKSON emailed HUNNICUTT stating, "PLEASE CHECK OVER PAPERWORK" with payroll and Form W-2 attachments.

26. HUNNICUTT received payment from the borrowers for her services. In some instances that borrowers did not know HUNNICUTT was altering their documents in other cases they paid HUNNICUTT to alter their documents.

27. HUNNICUTT paid DICKSON for altering the mortgage application supporting documents. Some of these payments were made via Zelle and by check. The memo lines for these payments stated payroll.

28. HUNNICUTT sent fraudulent payroll stubs, fraudulent Form W-2s, and fraudulent bank statements to a realtor regarding a borrower.

29. DICKSON sent the fraudulent documents to HUNNICUTT.

## COUNT ONE
## (Conspiracy to Commit Wire Fraud)

30. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

31. From in or around October 2019 through at least in or around September 2023, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

**TAMMI HUNNICUT**
**and**
**TAYLOR DICKSON,**

did knowingly and willfully combine, conspire, confederate, and agree with others, known and

unknown to the Grand Jury, to commit certain offenses against the United States, namely: wire fraud, that is, to knowingly devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**<u>PURPOSE OF THE CONSPIRACY</u>**

32. Paragraph 10 is re-alleged and incorporated as a description of the purpose of the conspiracy.

**<u>MANNER AND MEANS OF THE CONSPIRACY</u>**

33. Paragraphs 11 through 29 are re-alleged and incorporated as a description of the manner and means of the conspiracy.

In violation of Title 18, United States Code, Section 1349.

**<u>COUNTS TWO THROUGH SIX</u>**
**(Wire Fraud)**

34. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

35. From in or about October 2019, and continuing through in or about September 2023, and as more specifically detailed below, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON,**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud

and to obtain moneys, funds and credits by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts.

36. On or about the dates set out in the counts below, in the Southern District of Texas and elsewhere, defendants,

**TAMMI HUNNICUTT and TAYLOR DICKSON,**

for the purposes of executing and attempting to execute the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money, funds, and credits by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures, and sounds, as described below:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| Two | August 24, 2020 | A mortgage application sent via wire to Rocket Mortgage for G.F. that contained false representations. |
| Three | October 14, 2020 | A mortgage application sent via wire to Rocket Mortgage for J.J. that contained false representations. |
| Four | June 4, 2021 | A mortgage application sent via wire to Rocket Mortgage for T.A. that contained false representations. |
| Five | April 22, 2021 | A mortgage application sent via wire to Plaza Home Mortgage for J.G. that contained false representations. |
| Six | February 23, 2022 | A mortgage application sent via wire to Rocket Mortgage for C.M. that contained false representations. |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SEVEN**
**(False Statement to a Mortgage Lending Business)**

37. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

38. On or about July 19, 2021, within the Southern District of Texas and elsewhere, the defendants,

**TAMMI HUNNICUTT**
**And**
**TAYLOR DICKSON**

knowingly and willfully made a false statement and report for the purpose of influencing the actions of Paramount Residential Mortgage Group, a mortgage lending business, in connection with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan for the property at 12524 Abbey House Court, Houston, Texas, that is, false statements concerning the borrower's qualifications, including but not limited to the borrower's employment, and income, in violation of 18 U.S.C. § 1014.

**COUNT EIGHT**
**(False Statement to a Mortgage Lending Business)**

39. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

40. On or about December 29, 2021, within the Southern District of Texas and elsewhere, the defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON**

knowingly and willfully made a false statement and report for the purpose of influencing the actions of Paramount Residential Mortgage Group, a mortgage lending business, in connection with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan for the property at 4807 Ranleagh Court, Katy, Texas, that is, false statements concerning the borrower's qualifications, including but not limited to the borrower's employment, and income, in violation of 18 U.S.C. § 1014.

**<u>COUNT NINE</u>**
**(False Statement to a Mortgage Lending Business)**

41. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

42. On or about December 28, 2021, within the Southern District of Texas and elsewhere, the defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON,**

knowingly and willfully made a false statement and report for the purpose of influencing the actions of Paramount Residential Mortgage Group, a mortgage lending business, in connection with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan for the property at 2907 Chase Cross Lane, Houston, Texas, that is, false statements concerning the borrower's qualifications, including but not limited to the borrower's employment, and income, in violation of 18 U.S.C. § 1014.

**<u>COUNT TEN</u>**
**(False Statement to a Mortgage Lending Business)**

43. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

44. On or about November 30, 2021, within the Southern District of Texas and elsewhere, the defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON**

knowingly and willfully made a false statement and report for the purpose of influencing the actions of Paramount Residential Mortgage Group, a mortgage lending business, in connection

with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan for the property at 322 John House Lane, Rosharon, Texas, that is, false statements concerning the borrower's qualifications, including but not limited to the borrower's employment, and income, in violation of 18 U.S.C. § 1014.

**COUNT ELEVEN**
**(False Statement to a Mortgage Lending Business)**

45. Paragraphs 1 through 29 are re-alleged and incorporated by reference as though fully set forth herein.

46. On or about January 22, 2021, within the Southern District of Texas and elsewhere, the defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON,**

knowingly and willfully made a false statement and report for the purpose of influencing the actions of Plaza Home Mortgage, a mortgage lending business, in connection with the application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan for the property at 4110 Candlewood Lane, Manvel, Texas, that is, false statements concerning the borrower's qualifications, including but not limited to the borrower's employment, and income, in violation of 18 U.S.C. § 1014.

**NOTICE OF FORFEITURE**
**(28 U.S.C. §2461(c); 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(2))**

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), the United States gives notice to defendants,

**TAMMI HUNNICUTT**
**and**
**TAYLOR DICKSON,**

that in the event of conviction of any of the offenses charged in Counts One through Eleven of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

**Money Judgment**

Defendants are notified that upon conviction, a money judgment may be imposed against each Defendant.

**Substitute Assets**

Defendants are notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the Defendants in substitution.

A TRUE BILL:

Original signature on file

Foreperson of the Grand Jury

AARON F. REITZ
United States Attorney

By: Rodolfo Ramirez
Rodolfo Ramirez
Assistant United States Attorney